UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD FRANCO, on behalf of
himself and those similarly situated,

    Plaintiff,

v.                                                    CASE NO.: 2:09-cv-274-FtM-29SPC

BANK OF AMERICA, N.A., a Florida
Profit Corporation,

    Defendant,
_____/

**PLAINTIFF'S MOTION SEEKING AN ORDER ON CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND INCORPORATED MEMORANDUM OF LAW**

**INTRODUCTION**

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiff, EDWARD FRANCO ("Plaintiff"), requests the entry of an Order permitting, under court supervision, notice to all Personal Bankers, currently or formerly employed by Defendant, BANK OF AMERICA, N.A., ("Defendant") throughout the State of Florida, at any time during the last three (3) years.

Specifically, Plaintiff seeks to facilitate notice to all of Defendant's Personal Bankers in Florida who were subjected to Defendant's common pay policy, practice, and procedure of failing to pay full and proper overtime compensation for all hours worked in excess of forty (40) in a workweek. Specifically, despite the fact that Plaintiff and other similarly situated Personal Bankers regularly worked in excess of forty (40) hours per workweek, Defendant engaged in a pattern and practice of: (1) refusing to pay for overtime hours after they had been worked with Defendant's consent; and (2) deleting overtime hours actually worked by Plaintiff and the other

Personal Bankers from their timesheets thereby resulting in underpayment of overtime to these individuals. To date, Personal Bankers who worked at different branches in Fort Myers, Davie, Orange Park, Naples, and Clermont, Florida have confirmed that these identical pay policies and practices occurred during their employment at different branches. Additionally, other Personal Bankers from branches located in Fort Lauderdale, Miami Beach, Princeton, Tampa, and Jacksonville, Florida likewise have contacted Plaintiffs' counsel to participate in this lawsuit based upon the exact pay issues occurring at their branches, and those individuals will be joining this lawsuit shortly. In short, the following evidence alone more than establishes the minimal burden for facilitating Stage I conditional notification under the FLSA. Thus, Plaintiffs' Motion should be granted as a matter of law.

## ARGUMENT

### I. THE FLSA AUTHORIZES COLLECTIVE ACTIONS

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b). The FLSA provides, in part, that:

> [a]n action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of them self or themselves and other similarly situated. ***No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.***

*See id.* (emphasis added).

Defendant, BANK OF AMERICA, N.A., is a national and well known bank who employs, among other individuals, bank tellers, and Personal Bankers like Plaintiffs to perform their banking functions. *See* Declaration of Edward Franco at ¶4, attached as Exhibit #1; Declaration of Andrew Azzouz at ¶4, attached as Exhibit #2; Declaration of Dana Strachan-

Mitchell at ¶4, attached as Exhibit #3; Declaration of Daniel Baracaldo at ¶4, attached as Exhibit #4; Declaration of MaryAnne Hagopian at ¶4, attached as Exhibit #5, Declaration of Yeison Cruz at ¶4, attached as Exhibit #6. Personal Bankers, like Plaintiffs, are responsible for generating business for Defendant by selling products and services to potential and existing customers, opening deposit accounts and taking loan applications, and responding generally to customer service inquiries or tasks. *See id.* In exchange for the performance of these duties, Plaintiffs were paid an hourly rate of pay and generally worked in excess of forty (40) hours per workweek. *See* Declaration of Edward Franco at ¶¶'s 5-6, Declaration of Andrew Azzouz at ¶¶'s 5-6; Declaration of Dana Strachan-Mitchell at ¶¶'s 5-6; Declaration of Daniel Baracaldo at ¶¶'s 5-6; Declaration of MaryAnne Hagopian at ¶¶'s 5-6; Declaration of Yeison Cruz at ¶¶'s 5-6.

Notwithstanding the actual overtime hours worked by Plaintiff and other similarly situated employees, Defendant did not pay full and proper overtime compensation for all overtime hours worked in excess of forty (40) within a workweek. *See id.* at ¶¶'s 6-8. Instead, Defendant engaged in a pattern and practice of: (1) refusing to pay for overtime hours after they had been worked with Defendant's consent; and (2) deleting overtime hours actually worked by Plaintiff and the other Personal Bankers from their timesheets thereby resulting in underpayment of overtime to these individuals. *See id.* at ¶6. Thus, as a result, Plaintiff and other similarly situated hourly paid employees did not receive full and proper compensation for all hours worked over forty (40) each workweek. *See id* at ¶¶'s 7-8.

Plaintiff knows that his claim is typical of the claims of other former and current hourly paid Personal Bankers employed by Defendant, and typical of the claims of all members of the representative class described below. *See id.* at ¶¶'s 8-10. The representative class consists of all current and former Personal Bankers who worked for Defendant at any time within the last

three (3) years throughout the State of Florida, and who were subjected to Defendant's illegal practice of not paying full and proper overtime compensation for all overtime hours worked. To date, in addition to the named Plaintiff, eleven (11) Personal Bankers have filed a Notice of Consent to Join this lawsuit. This number satisfies the minimal showing necessary to facilitate notice at this early stage of the proceedings. *See e.g., Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005)(two affidavits provide sufficient factual basis for similarly situated inquiry); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (declarations provide appropriate support).

Simply put, all other current and former Personal Bankers are owed full and proper payment of overtime wages and the right to participate in this litigation. It is undisputed that Defendant has acted, or refused to act, on grounds applicable to all potential Florida class members, thereby making the identical relief appropriate as a class. Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendant. And, although the class of current and former Personal Bankers is identified and certain, the individual members of the class cannot be completely identified and notified of their right to join this action absent access to Defendant's books and records.

Plaintiff asserts that Defendant's above compensation policies violate the FLSA's overtime provisions requiring the payment of time and one half overtime compensation for ***each hour*** worked over forty (40) in a workweek. That is, because Defendant failed to pay their Personal Bankers proper time and one half for each hour of overtime worked, Plaintiff maintains that such compensation practices have adversely affected the rights of each member of this

collective action. Therefore, Plaintiff seeks this Court's authorization to facilitate notice to each of Defendant's Personal Bankers who were subjected to the illegal pay practices described above at any time within the last three (3) years at Defendant's facilities in Florida.

Plaintiff further requests that he be permitted to give such notice as approved by this Court to all such class members of their rights to opt-in to this litigation by executing an appropriate consent as required by Section 216(b) of the FLSA. Plaintiff's Declaration, and the Declarations of six (6) additional "opt-in Plaintiffs" who have joined this action since the time it was filed, attest that Defendant's other Personal Bankers had identical duties, were paid in the same manner (i.e., not paid for all overtime hours worked over forty (40) per week in one or more workweeks), and thus, were subjected to Defendant's illegal pay practices described above.

## II.    APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

### A.    Authority to Send Class Notice

FLSA class actions operate much differently than the typical class action suits under Rule 23 of the Federal Rules of Civil Procedure. Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.* This is just the exact opposite of traditional Rule 23 class actions in which a plaintiff initiating a class action automatically represents every member of the class that has not expressly "opted-out."

In *Hoffman- La Roche, Inc. v. Sealing,* 110 S. Ct. 482 (1989), the Court ruled that not only did trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, but that this authority also

included sending court-authorized consent forms to potential plaintiffs. *See id.* There, the Court addressed the issue of whether the district court may play any role on prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. *See id.* The Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *See id.* at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *See id.*

Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *See id.* Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *See id.* at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b), "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.* at 486.

The question of notification in a FLSA class action arose again in *Dybach v. State of Florida, Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991), where the Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks. *See id*. The Eleventh Circuit also held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Id*.

6

### B.     The Eleventh Circuit Uses a Two-Tiered Approach

The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. § 216(b). *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001 ) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."). Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id*. at 1218.  Because the court has minimal evidence at this stage of the proceedings, this determination is made using a *fairly lenient standard, and typically results in conditional certification of a representative class*. *See id*. (emphasis added).  Thereafter, a second, more rigorous factual determination is made as to whether the potential opt-in plaintiffs are similarly situated. *See id*.

There are questions of law and fact common to Defendant's other Personal Bankers and the claims of the named Plaintiff in the instant matter.  Indeed, Plaintiff's claims are typical of the claims of the other individuals in his position.  For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. § 216(b), plaintiffs need only demonstrate that the defined class is comprised of representatives who are similarly situated to plaintiff with regard to defendant's payroll practices and record keeping requirements. *See* 29 U.S.C. § 216(b); *Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562 (11th Cir. 1991). There is no requirement of "strict symmetry" or "absolute identity"; rather, potential class members must meet only a "sufficiently similar" standard. *See Glass v. IDS Financial Services, Inc.,* 778 F. Supp. 1029, 1081 (D. Minn. 1991) (an allegation that a single decision, policy or plan precipitated the challenged action was sufficient to define the class).  And, while plaintiffs have this burden, their burden is "not heavy," and may be met by making substantial class-wide allegations, "that is,

detailed allegations supported by affidavits which successfully engage [d]efendant's affidavits to the contrary." *Id.* at 1096-97 (internal quotations omitted). Further, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of ***a common policy or plan that violated the law***." *Kreher v. City of Atlanta*, 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006) (*citing Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997))(emphasis added); *see also Thiebes v. Wal-Mart Stores, Inc.,* 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (plaintiffs need only some factual nexus that they and the putative class were victims of a common policy or plan that violated the FLSA). As indicated above and in the referenced Declarations, Plaintiff has gone way beyond meeting his minimal burden to facilitate notice at this stage.

    **C.**    **Courts Focus on a Common Scheme or Plan and do not Require Many Opt-ins to Have Already Joined When Determining Whether to Grant Notice**

        **1.**    **Common Scheme or Plan**

In determining whether to grant notice of a collective action, Courts focus on whether Plaintiffs were victims of a common scheme or plan that violated the law. Plaintiff need not conclusively demonstrate that he and the other putative class members are, in fact, similarly situated. Rather, he must show that he "and potential plaintiffs together were victims of a common policy or plan that violated the law." *Rubery v. Buth-na-Bodhaige, Inc.*, 569 F. Supp. 2d 334 (W.D.N.Y. 2008) *citing Ayers v. SGS Control Servs., Inc.*, 2004 WL 2978296, at *1, 2004 U.S. Dist. LEXIS 25646 at *4 (S.D.N.Y.2004). *See also Scholtisek*, 229 F.R.D. 381, at 390 ("[w]hat is important is that these employees were allegedly subject to a common practice or scheme on [their employer's] part"). Moreover, "it would be inappropriate...to require plaintiff to meet a more stringent standard than that typically applied at the early stages of litigation" before discovery is complete. C*howdhury v. Duane Reade, Inc.*, 2007 WL 2873929, at *3, 2007 U.S.


Dist. LEXIS 73853 at *10-*11 (S.D.N.Y.2007), *citing Prizmic v. Armour, Inc.*, 2006 WL 1662614, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y.2006) ("[o]nly after discovery has been completed should the Court engage in a second more heightened stage of scrutiny").

### 2.     Number of Opt-In Plaintiffs Required

In determining whether to grant a Motion for Class Notice, typically Courts do not require a high number of Opt-in Plaintiffs to have already joined the case. *See Ackley v. City of Fort Lauderdale*, Case No.: 0-:07-cv-60960, at Doc. 45(S.D.Fla. Jan., 24, 2008)(Granting Motion for Class Notice with Plaintiff and **two (2)** Opt-in Plaintiffs)[1]; *See e.g., Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005)(**two (2)** affidavits provide sufficient factual basis for similarly situated inquiry); *See also Beck v. Desoto Health and Rehab,* case No.: 2:06-CV-226-FTM-34DNF, at Docs. 23, 34 (M.D. Fla. Jan. 24, 2007)(Granting Class Notice Motion with only **one (1)** opt-in); *See also Titre v. Platinum Partners,LLC et al* Case Number: 0:08-cv-61254 at Doc. 42 (S.D. Fla. Oct. 16, 2008)(Granting Class Notice with **eleven (11)** Opt-ins); *Larry Guerra v. Big Johnson Concrete Pumping, Inc.,* CASE NO.: 05-14237 (S.D. Fla. May 17, 2006)(Granting Class Notice Motion where there was only **one (1)** Opt-in Plaintiff)[2]; *Davis v. Precise Communications, Inc.*, 2009 WL 812276 (N.D.Ga. March 27, 2009)(Granting Class Notice Motion with only **three (3)** opt-in Plaintiffs).

Here, Defendant employed, and continues to employ, numerous Personal Bankers throughout Florida. *See* Declaration of Edward Franco at ¶8, Declaration of Andrew Azzouz at

---

[1] United States District Judge James I. Cohn permitted notice to proceed concluding that: "…because two of the code enforcement officers presently opting in to the case describe a similar practice of not being paid…Plaintiff has met his burden at this stage that there are other employees similarly situated with respect to their job requirements and with regard to their pay provisions."

[2] United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in Plaintiff] shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation."

¶8; Declaration of Dana Strachan-Mitchell at ¶8; Declaration of Daniel Baracaldo at ¶8; Declaration of MaryAnne Hagopian at ¶8; Declaration of Yeison Cruz at ¶8. Over the last three (3) years, each of these individuals has worked as a Personal Banker. *See id.* at ¶4. These Personal Bankers regularly worked and work more than forty (40) hours per work week but are/were not properly and fully paid for same. *See id*. at ¶6; *see also* Declaration of Renae Annas at ¶¶ 7,9, attached hereto as Exhibit #7. Based upon a review of the Declarations from the named Plaintiff and the other opt-in Plaintiffs, specific facts have been given to support their belief that other employees are interested in opting in. *See Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996). In addition, allowing class notification to a potential class will certainly avoid multiple lawsuits where numerous employees have allegedly been harmed by the same violation. *See also Prickett v. Dekalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003).

Based upon the Complaint allegations and the above-referenced Declarations, Plaintiff has satisfied the applicable burden of persuasion that a colorable basis exists for determining that others similarly situated to Plaintiff exists. Further, eleven (11) additional similarly situated representatives from different branches throughout Florida learned of this action prior to any Court notice being issued, and have since opted-in to this claim. This further demonstrates that others desire to join, if given notice of this matter. Thus, a collective action (as they are termed under the FLSA) is sought as the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate the same relief with respect to the class as a whole. Additionally, questions of law or fact common to all class members who worked for Defendant predominate over any questions affecting only individual members. Thus, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff seeks Court authorization to provide: (1) the proposed "Notification"

letter, attached as Exhibit A, to be sent to all similarly situated employees; and (2) the proposed "Notice of Consent to Join" form, attached as Exhibit B, which similarly situated employees can complete, sign, and file with the Court.

### III.   FACTORS NOT CONSIDERED BY THE COURT WHEN CONDUCTING THE FIRST-STAGE "SIMILARLY SITUATED" ANALYSIS.

In opposition to the subject Motion, Plaintiff anticipates that Defendant will raise several misguided defenses and arguments it intends to assert in this case. Regarding the merits, or rather lack thereof, of Defendant's anticipated position, however, the fact remains that Defendant's contentions in this regard are entirely irrelevant and premature at the Stage I notice determination.

#### a.   The "merits" of the claim are not considered.

At this "conditional certification" stage, courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *See Kreher v. City of Atlanta,* 2006 WL 7398272, at *4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated) and *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . ..").

In granting the plaintiffs' motion for conditional class certification, the *Kreher* court concluded that too high a burden would be placed on the plaintiffs at the preliminary notice stage if they were required to submit evidence of a highly particularized nature, as the defendant

suggested. *Kreher,* 2006 WL 7398272, at * 4. As such, the *Kreher* court concluded that although the plaintiffs' declarations lacked some details, they established the existence of other employees employed in similar positions and subject to similar policies, warranting the court to grant the plaintiffs' motion under the "fairly lenient standard" applied in the Eleventh Circuit. *Id.* at *4. *See also Leuthold,* 224 F.R.D. at 468 ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.,* No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D.Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,*130 F.Supp.2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question."). Thus, setting Defendant's anticipated factual arguments aside for purposes of Plaintiff's Stage I Motion, Plaintiff clearly has met his burden of proof on the "similarly situated" prong as required.

      b.    **<u>Courts Do Not Consider the Need for Discovery</u>.**

District courts consistently recognize that discovery at the first notice stage is unnecessary for the similarly situated determination. *See Grayson,* 79 F. 3d at 1099 (holding that a district court *may*, but its not required to hold an evidentiary hearing prior to making its section 216(b) particularly where the Defendants' rights are not affected substantially) (emphasis added in original); *Lloredo v. Radioshack Corp.,* 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination); *see*

*also Harrison v. Enterprise Rent-A-Car Co.,* 1998 U.S. Dist. LEXIS 13131, at *13 (July 1, 1998) (holding that the fact that subsequent discovery may prove the original plaintiffs and the opt-in plaintiffs are not after all "similarly situated" does not defeat conditional class certification); *Schwed v. Gen. Elec. Co.,* 159 F.R.D 373, 375 (N.D.N.Y. 1995) ("Even where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]").

An examination of discovery is not appropriate because at this stage the Court is not making a *factual determination* of the "similarly situated" question. *See Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *Goldman,* 2003 WL 21250571, at *8 ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant.").

Moreover, discovery is not necessary because courts at this stage do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance,* 2006 WL 1209813, at *3 (N. D. Ga. May 3, 2006) (*citing Severtson v. Phillips Beverage Co.,* 141 F.R.D 276, 279 (D. Minn. 1992)); *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). In *Scott,* the court held that it was not appropriate for the court to address the merits of plaintiffs' claims or weigh evidence and thus refused to consider the defendants' arguments regarding the variation in specific job duties, locations, working hours, or the availability of various exemptions. 2006 WL 1209813, at *3; *citing Pendelbury*, 2005 WL 82500, at *3 (factual matters regarding the

13

applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford & Co.,* 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action.").

Through the allegations in the Complaint, and the Declarations submitted to this Court, Plaintiff has provided sufficient evidence to warrant notice of this lawsuit be sent to all other current and former Personal Bankers at its Florida branches. Because the "similarly situated" determination at the notice stage is preliminary, Defendant is not prejudiced by the facilitation of notice because they can later argue that Plaintiff and the putative class members are not in fact "similarly situated" enough to proceed collectively to trial. Accordingly, Plaintiff's Stage I Motion should be granted at this time.

### IV. **PLAINTIFF'S NOTICE IS ACCURATE AND INFORMATIVE AND SHOULD BE POSTED AT DEFENDANT'S FACILITIES**

Plaintiff's proposed judicial notice is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted. Plaintiff also requests that in addition to permitting Plaintiff to notify the potential class members by mail, this notice be posted at Defendant's facilties where hourly paid Personal Bankers are employed to further the broad remedial purpose of the FLSA. *See Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E.D. Cal. Apr. 19, 2006 ) (finding that first class mail, combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.,* 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites); *Johnson v. Am. Airlines, Inc.*,

14

531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding direct mail and posting on company bulletin boards reasonable).

### V.   DISCOVERY OF NAMES AND ADDRESSES OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE.

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *See Morden v. T-Mobile USA, Inc.,* 2006 WL 1727987, at *3 (W. D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See Hoffmann-La Roche,* 493 U.S. at 165; *see also Dietrich v. Liberty Square,* 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.,* 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).[3] Thus, if this Court grants Plaintiff's Motion, the Court should likewise order Defendant to provide Plaintiff with a list of all putative class members to carry out notice.

### CONCLUSION

Plaintiff has met his burden to facilitate notice to potential class members pursuant to the two tier jurisprudence governing FLSA collective actions. Accordingly, Plaintiff respectfully requests that this Court permit and supervise notice to all current and former Personal Bankers

---

[3] The names and addresses of potential class members are discoverable during the regular course of discovery even absent judicial notice because current and former hourly paid "maintenance" employees are critical fact witnesses to this lawsuit. *Hoffmann-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter." 493 U.S. at 160; *see also Barton v. The Pantry, Inc.,* 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list of plaintiffs' co-workers prior to conditional certification).

who did not receive full and proper payment of time-and-a-half wages for all overtime hours worked for Defendant.

### CERTIFICATE OF GOOD FAITH

Pursuant to the Local Rules, Plaintiff's counsel hereby certifies that she personally conferred with counsel for Defendant regarding the relief sought in this Motion, and is authorized to represent that Defendant opposes same.

Respectfully submitted this 5th day of October 2009.

/s KELLY AMRITT
KELLY AMRITT
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: kamritt@forthepeople.com
FL Bar No.: 648779

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a copy of same to all counsel of record

/s KELLY AMRITT
KELLY AMRITT