# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD FRANCO, on behalf of
himself and those similarly situated,

    Plaintiff,

v.                                                    CASE NO.: 2:09-cv-274-FtM-29SPC

BANK OF AMERICA, N.A., a Florida
Profit Corporation,

    Defendant,
_____/

## DECLARATION OF EDWARD FRANCO

Pursuant to 28 U.S.C. § 1746, I, EDWARD FRANCO state as follows:

1.     My name is EDWARD FRANCO.

2.     I am the named Plaintiff in the above-referenced action.

3.     I make this Declaration based upon personal knowledge. I am over the age of 18 years and competent to testify to the matters contained within this Declaration.

4.     From approximately August 2000 through October 2, 2008, I worked for Defendant, BANK OF AMERICA, N.A., a company in the business of providing a variety of financial services to individuals and businesses, as a personal banker at its East Office branch, located in Naples, Florida. In this regard, my duties included, but were not limited to: generating business by selling products and services to potential and existing customers, opening deposit accounts and taking loan applications, responding to customer inquiries and concerns, and supporting other sales associates as needed.

5. In my capacity as a personal banker, I was paid an hourly rate of $25.48, and only paid for my actual hours worked.

6. During my employment, I typically worked approximately fifty (50) hours per week, and was not paid my full and proper overtime compensation. As a result of this practice, Defendant failed to pay me full and proper overtime compensation, as required by the FLSA because my overtime hours were purposefully shorted by Defendant.

7. During my employment with Defendant, when I submitted a timesheet documenting my overtime hours worked, Defendant would either (i) refuse to approve my timesheet for payroll processing purposes, and would require me to delete my overtime hours worked and resubmit my timesheet for approval; or (ii) unilaterally delete my overtime hours worked from my timesheet. I also personally observed that all similarly situated personal bankers whom I worked were not paid proper overtime in this regard because I discussed this with others such as Yeison Cruz and Daniel Baracaldo. These individuals confirmed the same thing as happening to them.

8. During my employment with Defendant, and as described above, I personally observed that there were in excess of twenty (20) or more similarly situated personal bankers with whom I worked over the course of my employment at Defendant's East Office branch, that: (a) performed the same or similar duties that I performed as a personal banker; (b) worked the same amount of hours that I worked per workweek; and (c) were paid in the same illegal manner in which I was paid because of Defendant's pay policy, practice, and procedure of failing to pay full and proper overtime compensation. These individuals include but are not limited to Yeison Cruz, Daniel Baracaldo, David Janosik, and Cecilia Vargas.

9. To my knowledge there are hundreds of individuals – both former and present employees at all of Defendant's Florida branches, who have been affected by Defendant's practice, policy

and procedure, of failing to pay full and proper overtime compensation. To that end, I am aware that individuals from Defendant's Davie, Clermont, Naples and Orange Park branches have joined this lawsuit and are seeking damages based upon the exact same violation I am claiming.

10. I am personally aware of, and have spoken with several current and former personal bankers, such as myself who will (or desire to) join this litigation if they are given notice of it and an opportunity to join. I have also spoken with my former branch manager, Rene Annas, who is willing to confirm that the allegations contained within this Declaration are in fact correct.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this 24th day of September 2009.

*[signature]*
EDWARD FRANCO

# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD FRANCO, on behalf of
himself and those similarly situated,

    Plaintiff,

v.                                        CASE NO.: 2:09-cv-274-FtM-29SPC

BANK OF AMERICA, N.A., a Florida
Profit Corporation,

    Defendant,
_____/

## DECLARATION OF ANDREW AZZOUZ

Pursuant to 28 U.S.C. § 1746, I, ANDREW AZZOUZ state as follows:

1. My name is ANDREW AZZOUZ.

2. I learned of the above referenced action in September 2009. Since that time, I have filed a Notice of Consent to Join.

3. I make this Declaration based upon personal knowledge. I am over the age of 18 years and competent to testify to the matters contained within this Declaration.

4. From approximately October 2007 through December 26, 2008, I worked for Defendant, BANK OF AMERICA, N.A., a company in the business of providing a variety of financial services to individuals and businesses, as an hourly paid personal banker at its Orange Park branch, located in Orange Park, Florida. In this regard, my duties included, but were not limited to: generating business by selling products and services to potential and existing customers, opening deposit accounts and taking loan applications, responding to customer inquiries and concerns, and supporting other sales associates as needed.

5.  In my capacity as a personal banker, I was paid an hourly rate of $14.46, and only paid for my actual hours worked.

6.  During my employment, I typically worked approximately 42 to 44 hours per week, and was not my full and proper overtime compensation. Instead, when I submitted a timesheet documenting my overtime hours worked, Defendant would either (i) refuse to approve my timesheet for payroll processing purposes, and would require me to delete my overtime hours worked and resubmit my timesheet for approval; or (ii) unilaterally delete my overtime hours worked from my timesheet. I also personally observed that all similarly situated personal bankers whom I worked were not paid proper overtime in this regard because I discussed this with others such as Clyde Hallman, and Dana Reed. These individuals confirmed that the same thing as happening to them.

7.  As a result of this practice, Defendant failed to pay me full and proper overtime compensation, as required by the FLSA because my overtime hours were purposefully shorted by Defendant.

8.  During my employment with Defendant, and as described above, I personally observed that there were in excess of ten (10) or more similarly situated personal bankers with whom I worked at Defendant's Orange Park branch, that: (a) performed the same or similar duties that I performed as a personal banker; (b) worked the same amount of hours that I worked per workweek; and (c) were paid in the same illegal manner in which I was paid because of Defendant's pay policy, practice, and procedure of failing to pay full and proper overtime compensation. These individuals include but are not limited to Clyde Hallman, and Dana Reed.

9.  To my knowledge there are hundreds of individuals – both former and present employees at all of Defendant's Florida branches, who have been affected by Defendant's

2

practice, policy and procedure, of failing to pay full and proper overtime compensation. To that end, I am aware that individuals from Defendant's Davie, Naples, and Orlando branches have joined this lawsuit and are seeking damages based upon the exact same violation I am claiming.

10. I am personally aware of, and have spoken with several current and former personal bankers, such as myself who will (or desire to) join this litigation if they are given notice of it and an opportunity to join.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23 day of September 2009.

_____
ANDREW AZZOUZ

# EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD FRANCO, on behalf of
himself and those similarly situated,

    Plaintiff,

v.                                              CASE NO.: 2:09-cv-274-FtM-29SPC

BANK OF AMERICA, N.A., a Florida
Profit Corporation,

    Defendant,
_____/

## DECLARATION OF DANA STRACHAN-MITCHELL

Pursuant to 28 U.S.C. § 1746, I, DANA STRACHAN-MITCHELL state as follows:

1. My name is DANA STRACHAN-MITCHELL.

2. I learned of the above referenced action in September 2009. Since that time, I have filed a Notice of Consent to Join.

3. I make this Declaration based upon personal knowledge. I am over the age of 18 years and competent to testify to the matters contained within this Declaration.

4. From approximately October 5, 2005 through the present, I have worked for Defendant, BANK OF AMERICA, N.A., a company in the business of providing a variety of financial services to individuals and businesses, as a personal banker at its Stirling Square branch, located in Davie, Florida. In this regard, my duties include, but are not limited to: generating business by selling products and services to potential and existing customers, opening deposit accounts and taking loan applications, responding to customer inquiries and concerns, and supporting other sales associates as needed.

5. In my capacity as a personal banker, I am paid an hourly rate of $17.00, and only paid for my actual hours worked.

6. I typically work approximately 45 hours per week, and I am not paid my full and proper overtime compensation. Instead, when I submit a timesheet documenting my overtime hours worked, Defendant either (i) refuses to approve my timesheet for payroll processing purposes, and requires me to delete my overtime hours worked and resubmit my timesheet for approval; or (ii) unilaterally deletes my overtime hours worked from my timesheet. I have personally complained to my supervisor Janine Carreras, who advised that she would address the issue with the branch manager and get back to me. To date, I have received no response to my complaint.

7. I also personally observed that all similarly situated personal bankers whom I work(ed) are/were not paid proper overtime in this regard because I discussed this with others such as Iris Leon, and Peaches Davis. These individuals confirmed that the same thing was happening to them.

8. As a result of this practice, Defendant has continually failed to pay me full and proper overtime compensation, as required by the FLSA because my overtime hours were/are purposefully shorted by Defendant.

9. During my employment with Defendant, and as described above, I have personally observed that there were/are in excess of thirty (30) or more similarly situated personal bankers with whom I work/worked at Defendant's Sterling Square Park branch, that: (a) performed the same or similar duties that I perform as a personal banker; (b) work/worked the same amount of hours that I work per workweek (or more); and (c) are/were paid in the same illegal manner in which I am paid because of Defendant's pay policy, practice, and procedure of failing to pay full

and proper overtime compensation. These individuals include but are not limited to Iris Leon, and Peaches Davis.

10. To my knowledge there are hundreds of individuals – both former and present employees at all of Defendant's Florida branches, who have been affected by Defendant's practice, policy and procedure, of failing to pay full and proper overtime compensation. To that end, I am aware that individuals from Defendant's, Naples, Orange Park and Orlando branches have joined this lawsuit and are seeking damages based upon the exact same violation I am claiming.

11. I am personally aware of, and have spoken with several current and former personal bankers, such as myself who will (or desire to) join this litigation if they are given notice of it and an opportunity to join.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of September 2009.

_____
DANA STRACHAN-MITCHELL

# EXHIBIT 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD FRANCO, on behalf of
himself and those similarly situated,

    Plaintiff,

v.

CASE NO.: 2:09-cv-274-FtM-29SPC

BANK OF AMERICA, N.A., a Florida
Profit Corporation,

    Defendant,
_____/

## DECLARATION OF DANIEL BARACALDO

Pursuant to 28 U.S.C. § 1746, I, DANIEL BARACALDO state as follows:

1. My name is DANIEL BARACALDO.

2. I learned of the above referenced action in February 2009. Since that time, I have filed a Notice of Consent to Join.

3. I make this Declaration based upon personal knowledge. I am over the age of 18 years and competent to testify to the matters contained within this Declaration.

4. From approximately November 11, 2006 until January 12, 2009, I worked for Defendant, BANK OF AMERICA, N.A., a company in the business of providing a variety of financial services to individuals and businesses, as a personal banker at its Lakewood Branch, Rattlesnake Branch, and Freedom Square Branch, all located in Naples, Florida. In this regard, my duties included, but were not limited to: generating business by selling products and services to potential and existing customers, opening deposit accounts and taking loan applications, responding to customer inquiries and concerns, and supporting other sales associates as needed.

5.  In my capacity as a personal banker, I was paid an hourly rate of $17.55, and only paid for my actual hours worked.

6.  During my employment, I typically worked approximately 43 hours per week, and was not paid my full and proper overtime compensation. Instead, when I submitted a timesheet documenting my overtime hours worked, Defendant would either (i) refuse to approve my timesheet for payroll processing purposes, and would require me to delete my overtime hours worked and resubmit my timesheet for approval; or (ii) unilaterally delete my overtime hours worked from my timesheet. Defendant's above practice and policy of failing to fully and properly pay me for all of my overtime hours worked, occurred at each of the 3 different branches I was employed.

7.  I also personally observed that all similarly situated personal bankers whom I worked were not paid proper overtime in this regard because I discussed this with others such as Marco Salinas, Catherine Alcubilla, Ana Pernas, Richard Angel, Enrique Gonzalez, and Joandy Mendez. These individuals confirmed the same thing was happening to them.

8.  As a result of this practice, Defendant failed to pay me full and proper overtime compensation, as required by the FLSA because my overtime hours were purposefully shorted by Defendant.

9.  During my employment with Defendant, and as described above, I personally observed that there were in excess of ten (10) or more similarly situated personal bankers with whom I worked at Defendant's Lakewood Branch, Rattlesnake Branch, and Freedom Square Branch: (a) performed the same or similar duties that I performed as a personal banker; (b) worked the same amount of hours that I worked per workweek; and (c) were paid in the same illegal manner in which I was paid because of Defendant's pay policy, practice, and procedure of failing to pay

full and proper overtime compensation. These individuals include but are not limited to Marco Salina, Catherine Alcubilla, and Ana Pernas, Richard Angel, Enrique Gonzalez, and Joandy Mendez.

10. To my knowledge there are hundreds of individuals – both former and present employees at all of Defendant's Florida branches, who have been affected by Defendant's practice, policy and procedure, of failing to pay full and proper overtime compensation. To that end, I am aware that individuals from Defendant's Davie, Ft. Myers, Clermont, Jacksonville and Orange Park branches have joined this lawsuit and are seeking damages based upon the exact same violation I am claiming.

11. I am personally aware of, and have spoken with several current and former personal bankers, such as myself who will (or desire to) join this litigation if they are given notice of it and an opportunity to join.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of September 2009.

_____
DANIEL BARACALDO

3