UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD FRANCO on behalf of himself and
those similarly situated,

               Plaintiff,

-vs-                                            Case No.  2:09-cv-274-FtM-29SPC

BANK OF AMERICA CORP. a Florida profit
corporation,

               Defendant.
_____

## ORDER

      This matter comes before the Court on the Plaintiff Edward Franco's Motion to Compel Better Response to Interrogatory Number 18 from the Defendant (Doc. #79) filed on January 25, 2010.  The Defendant filed its Response in Opposition (Doc. # 82) on February 11, 2010.  The Motion is now ripe for the Court's review.

      The Federal Rule states that, a party upon whom interrogatories have been served has thirty (30) days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories, the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

      The Plaintiff moves the Court to compel the production of interrogatory number 18. Interrogatory number 18 states as follows:

> Please identify all employees of Defendant (including former employees), whose duties were **similar** to those performed by Plaintiff for Defendant, and who were compensated in a manner **similar** to Plaintiff, and who were employed by Defendant within the three (3) years preceding the filing of this lawsuit. This information has been deemed discoverable. *See* Tucker v. Labor Leasing, Inc*.,* 155 F.R.D. 687 (M.D. Fla. 1994) (permitting the plaintiff to secure discovery/information regarding opt-ins who were not parties to the action, and stating that discovery sought for "the purpose of facilitating court-supervised notice to other employees . . . . [is g]enerally speaking . . . proper."); *see also* Bailey v. Ameriquest Mortgage Co*.,* 2002 U.S. Dist. LEXIS 1363 (D. Minn. Jan. 23, 2002) (permitting discovery regarding non-party opt-ins to facilitate class notice); Dupervil v. Asplundh Construction Corp*.,* Case No. 04-81106-CIV MIDDLEBROOKS/ JOHNSON (April 27, 2005 Order) (same); Titre v. S.W. Bach & Company*,* Case No. 05-80077-CIV-MARRA/SELTZER (July 20, 2005 Order) (same); Cius v. Palm Beach Transportation Group*,* Case No. 05-80556-CIV-ZLOCH (October 18, 2005 Order) (same). (emphasis in the original).

On December 14, 2009, Defendant responded to Plaintiffs' Interrogatory No. 18 as follows: "Defendant, by counsel, objects to this interrogatory on the grounds that it is overly broad, not limited in geographic scope and seeks information that is not relevant, nor reasonably likely to lead to the discovery of admissible evidence."

The Plaintiff states that such information is allowed in FLSA cases prior to any class certification because it allows the Plaintiff to notify the potential Plaintiffs of the decision to opt-into the FLSA case. The Defendant responds that the personal bankers' hours are determined by the manager located at each banking center, and for example, a personal bankers' hours in Pensacola, Florida, would not be information relevant to the Plaintiff's circumstances in Palm Beach or the Palm Coast.

Section 216(b) of the FLSA provides that an action to recover unpaid overtime compensation may be maintained against an employer by any one or more employees "for and in behalf of himself or themselves and other employees similarly situated." Planner v. Bennett Auto Supply, Inc., WL

4937608 * 1 -2 (S.D. Fla. February 27, 2006) (citing 29 U.S.C. § 216(b)). The Plaintiff's Complaint indicates that Plaintiff brought this action as a collective action. The Complaint states this action is brought on behalf of the Plaintiff and those similarly situated who worked for Bank of America at any one of Defendant's locations." A person is not a member of an FLSA "collective action" unless that person files a written consent with the Court "opting in" to the lawsuit. 29 U.S.C. § 216(b). Once the Court finds that "there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with regard to their job requirements and with regard to their pay provisions," the Court will be empowered to supervise notice to these potential plaintiffs of their ability to "opt in." Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir.1991).

Pursuant to Dybach, the Court does not implement the standard opt-in procedure unless and until it is satisfied of the existence of similarly situated employees. Plaintiffs must demonstrate that a reasonable basis exists for their assertions that similarly aggrieved individuals exist in the proposed class. Harper v. Lovett's Buffet. Inc., 185 F.R.D. 358, 361-62 (M.D. Ala.1999) (citing Havnes v. Singer Co., 696 F.2d 884, 887 (11th Cir.1983)). Appropriate factors for review in making the similarly situated determination include: 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] 5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar. Smith v. Tradesman Int'l, Inc., 289 F.Supp.2d 1369, 1372 (S.D. Fla.2003) (quotation omitted). A plaintiff cannot make a showing as to these factors absent adequate discovery.

In <u>Dupervil v. Asplundh Construction Corp.</u>, Case No. 04-81106-civ-Middlebrooks, the Court allowed discovery as to the identity of employees whose duties and compensation were similar to Plaintiff's, noting the logic in discovering such information prior to filing a request for class certification or permission to issue an opt-in notice. Other courts have adopted this approach as well. <u>Tucker v. Labor Leasing. Inc.</u>, 155 F.R.D. 687, 689 (M.D.Fla.1994) (interrogatory requesting names and addresses of employees denied overtime compensation is proper for the purpose of facilitating Court-supervised notice to potential plaintiffs); <u>Garner v. G.D. Searle Pharmaceuticals & Co.</u>, 802 F.Supp. 418, 422 (M.D. Ala.1991) (allowing notice to potential class members because Plaintiffs produced sufficient evidence to persuade the Court of the existence of such individuals).

In this instance, the parties nor the Court can determine if there are other similarly situated plaintiffs without further discovery into other branch banks around the state of Florida. It is clear from the caselaw in the Eleventh Circuit that such discovery is allowed for the very purpose of determining if there are other similarly situated plaintiffs. Thus, Motion to Compel is due to be granted but limited to the State of Florida at this time.

Accordingly, it is now

**ORDERED:**

The Plaintiff Edward Franco's Motion to Compel Better Response to Interrogatory Number 18 from the Defendant (Doc. #79) is **GRANTED**.

(1) The discovery is limited to the geographical confines of the State of Florida.

(2) The Defendant has up to and including **March 16, 2010**, to identify all employees of the Defendant (including former employees), whose duties were similar to those performed by the

Plaintiff for the Defendant, and who were compensated in a manner similar to the Plaintiff, and who were employed by Defendant within the three (3) years preceding the filing of this lawsuit.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th    day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record